LoanID:

# ACTIVE LOAN LOST NOTE AFFIDAVIT

STATE OF TEXAS )
)  ss.:
COUNTY OF DALLAS )

Fozie Kitchen-Morgan, being duly sworn, deposes and says:

1. That s/he is a Vice President of Newrez LLC d/b/a Shellpoint Mortgage Servicing (the "Servicer") and is authorized to make this Lost Note Affidavit ("Affidavit") as a representative of the Servicer;

2. That the address of the Servicer is 1525 S. Beltline Rd., Coppell, TX 75019;

3. Newrez LLC d/b/a Shellpoint Mortgage Servicing actively services the loan identified below on behalf of the note owner, NewRez LLC. NewRez LLC acquired ownership of the Note from HomeBridge Financial Services, (collectively with its successors, assigns and transferees, the "Plaintiff").

    - Borrower(s):   CHRISTOPHER JOS PARE
    - Original Lender:  Homebridge Financial Services, Inc. DBA Real Estate Mortgage Network
    - Date of Note: 9/22/2017
    - Original Note Amount: $ 126262
    - Recorded Security Instrument – Date: 9/22/2017 / Recorded on: 9/26/2017, Book: 9695, Page# 232, and/or Instrument# 16917
    - Property Address: 14 CONWAY ST., SABATTUS, ME  04280

    Attached hereto is a true and correct copy of said Note, including all applicable endorsements and/or Allonges. (*Exhibit A*)

4. The Plaintiff was entitled to enforce the Note, as holder or Servicer for holder, at the time loss of possession occurred and/or has directly or indirectly acquired ownership of the Note from a person (or entity) who was entitled to enforce the Note when the loss of possession occurred.

    Attached hereto is a complete chain of title. (*Exhibit B*)

5. A thorough and diligent search of the Servicer's business records, diligent inquiry of the document custodian, law firms and/or any applicable 3rd parties contracted to safeguard and maintain original collateral documents, was conducted. Servicer is unable to reasonably obtain possession of the original Note. The last known location of the original Note is/was UNKNOWN. According to the Servicer's business records, said note was not released, paid off, satisfied, assigned, transferred, pledged, hypothecated, or otherwise disposed of.

6. Prior to or contemporaneously with judgment being entered in favor of the Plaintiff, Plaintiff will provide defendant(s) with "adequate protection".

EXHIBIT B

LoanID:

This Affidavit is intended to be relied on by the Plaintiff, and the Servicer represents and warrants that it has the authority to perform its obligations under this Affidavit.

If Servicer should ever locate the original note or if the original should ever come into the Servicer's possession, it will immediately and without consideration surrender such original to the Plaintiff.

*[Signature Page Follows]*

LoanID: 0

IN WITNESS WHEREOF, the undersigned has executed this instrument on behalf of the Servicer and under penalty of perjury, this 2/24/2026.

NewRez LLC dba Shellpoint Mortgage Servicing, as Servicer and Attorney in Fact for *NewRez LLC*

By: *[signature]*
Printed Name: Fozie Kitchen-Morgan
Title: Vice President, Authorized Signor for Servicer

STATE OF TEXAS         )
                       ) ss.:
COUNTY OF DALLAS       )

On 2/24/2026, before me, the undersigned, a Notary Public in and for said State, personally appeared Fozie Kitchen-Morgan, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose names is subscribed to the within instrument and acknowledged to me that he/she executed same in his/her capacity, and that by his/her signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

IN WITNESS WHEREOF, I have hereunto set my hand affixed my official seal the day and year first above written.

Notary Public: *[signature]*
Name: Jacqueline Wilson
Commission Expires: 11/18/2028

JACQUELINE WILSON
My Notary ID # 132788866
Expires November 18, 2028



**NOTE**

Pare
Loan #:
MIN:

September 22, 2017  Portsmouth,  New Hampshire
[Date]  [City]  [State]

14 Conway St., Sabattus, ME 04280
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $126,262.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **HomeBridge Financial Services, Inc. DBA Real Estate Mortgage Network**. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **3.875%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st** day of each month beginning on **November 1, 2017**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **October 1, 2047**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **194 Wood Avenue South, 9th floor, Iselin, NJ 08830** or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$593.73**.

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

MAINE FIXED RATE NOTE --Single Family-- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT  Form 3220  1/01 *(page 1 of 3 pages)*
5.49

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 4.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security

Instrument if all or any part of the Property, or if any interest in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, Lender will not require immediate payment in full if prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement, following the procedures in Section 15. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____
- BORROWER - Christopher Joseph Pare

*[Sign Original Only]*

Mortgage Loan Originator **Tori Doucette**
Nationwide Mortgage Licensing System and Registry Identification Number **1480136**
Mortgage Loan Origination Company **Acadia Lending Group, LLC**
Nationwide Mortgage Licensing System and Registry Identification Number **370636**

Without Recourse, Pay To The Order Of:

_____
HomeBridge Financial Services, Inc.
D/B/A Real Estate Mortgage Network

Theresa Hughes, Assistant Secretary

MAINE FIXED RATE NOTE --Single Family-- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
5.49                                                                Form 3220  1/01 *(page 3 of 3 pages)*